UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAY O. CROWELL, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-01450-RLY-MJD |
| | ) |
| MARK SEVIER, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Ray Crowell has filed a habeas petition challenging his convictions for child molesting, sex with a minor, and incest under Indiana Case No. 02-D06-1509-FA-11. His convictions and 24-year prison term were entered pursuant to a guilty plea. In exchange, Indiana dismissed several other counts, and Mr. Crowell avoided a possible *de facto* life sentence. He now argues that he received ineffective assistance of trial counsel because his sex with a minor conviction and five of the dismissed charges were barred by the statute of limitations. He also argues that trial counsel had a conflict of interest and failed to investigate or interview witnesses. For the reasons explained below, Mr. Crowell's habeas petition is **DENIED**.

## I.
## BACKGROUND

Mr. Crowell began sexually assaulting his biological daughter in 2003, when she was 11 years old. *See* Manual Filing at dkt. 9 (Appellee's Appendix Vol. II, p. 29). This went on twice a week for the next 10 years. *Id.* In 2010, she told the police that her father was assaulting her, but they dropped the investigation when she did not follow-up with a detective. *Id.* She reported these assaults again in 2014, after Mr. Crowell took her to a hotel, got her drunk, and had sex with her for the first time in over a year. *Id.* The 2014 allegations led to his arrest and prosecution.

Mr. Crowell was charged with 13 counts of sex offenses against his daughter. *Id.* at 2-26. He pleaded guilty to Count I, child molesting; Count V, sex with a minor; and Count IX, incest. *Id.* at 33-36. For child molesting, he received a 24-year prison term and 6 years suspended. *Id.* For sex with a minor, he received a concurrent 20-year prison term. *Id.* For incest, he received a concurrent 8-year prison term. *Id.* All other counts were dismissed. *Id.* If Mr. Crowell receives all his good-time credit, he will be released after 12 years. Dkt. 8-7, p. 8. At the time of his guilty plea, Mr. Crowell was 44 years old. (Appellee's Appendix Vol. II, pp. 3, 33-36).

Mr. Crowell filed a petition for post-conviction relief, claiming that he received ineffective assistance of trial counsel. Manual Filing at dkt. 9 (Appellant's Appendix Vol. II, pp. 27-39). He claimed counsel was ineffective because his sex with a minor conviction and 5 of the dismissed charges were time-barred. Dkt. 8-7, pp. 6-8. These offenses allegedly occurred before September 2007. *Id.* At the time, the statute of limitations was 4 years and expired by September 2011. *Id.* Although Indiana later extended the statute of limitations for these types of offenses to a minimum of 10 years, Mr. Crowell's charges were already time-barred and could not be resurrected by statute. *Id.* (citing *Stogner v. California*, 539 U.S. 607, 609 (2003) (extension of statute of limitations for offenses that are already time-barred violates the *Ex Post Facto* Clause)). Thus, Mr. Crowell argued, his guilty plea agreement was premised on the illusory promise that potentially viable charges would be dismissed. Dkt. 8-7, pp. 6-8.

Mr. Crowell also claimed counsel was ineffective due to a conflict of interest. *Id.* at 9-11. Counsel had informed Mr. Crowell that his wife and son were working with the prosecution, which Mr. Crowell believed was meant to put pressure on him to plead guilty. *Id.* When he brought this "conflict" to the trial court's attention and requested a different public defender, the court denied the request, in part, because trial was only a week away. (Appellant's Appendix Vol. II, p. 59).

Mr. Crowell's wife and son did not submit affidavits in the post-conviction proceedings. There is no evidence that counsel's representation about them was untrue.

The post-conviction court denied Mr. Crowell's petition. *Id.* at 18-26. The court reasoned that he did not demonstrate prejudice because there was no evidence that he would have declined the guilty plea if he had known that some of the charges were time-barred. *Id.* at 6-8. The court also reasoned that he failed to establish any weaknesses in the State's case and that he received a substantial benefit by pleading guilty. *Id.* Excluding the time-barred charges, he faced a potential prison term of up to 110 actual years—effectively a life sentence. *Id.* The court also ruled there was no conflict of interest or prejudice resulting from counsel's representation that Mr. Crowell's wife and son were working with the prosecution. *Id.* at 5-6.

The Indiana Court of Appeals affirmed. Dkt. 8-7. The court reasoned that Mr. Crowell's claim regarding the time-barred charges failed because he did not advance "special circumstances to support his claim that, had [counsel] advised him differently, [he] would have rejected the plea agreement." *Id.* at 8. Thus, the court found that Mr. Crowell did not establish that he was prejudiced by counsel's performance. The court also ruled that there was not a conflict of interest disqualifying counsel from representing Mr. Crowell and that Mr. Crowell did not demonstrate prejudice in this respect. *Id.* at 9-11.[1]

The Indiana Supreme Court denied Mr. Crowell's petition to transfer. Dkt. 8-3, p. 7. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] In his amended post-conviction petition, Mr. Crowell also claimed that counsel was ineffective for failing to investigate or interview witnesses. (Appellant's Appendix Vol II, pp. 66-69). He did not raise this issue in his appeal to the Indiana Court of Appeals or in his petition to transfer to the Indiana Supreme Court. *See* Manual Filing at dkt. 9 (Amended Appellant's Brief); dkt. 8-9. On appeal, he argued that the post-conviction Court erred by failing to hold an evidentiary hearing, but he has not raised that issue in his habeas petition. (Amended Appellant's Brief, pp. 19-20); *see generally* dkt. 1. As explained in Part III of this Order, Mr. Crowell's abandonment of these claims prevents the Court from considering them on habeas review.

## II.
## LEGAL STANDARD

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the Court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.* (citation and quotation marks omitted).

A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]"

4

*Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc) (citation and quotation marks omitted).

## III.
## DISCUSSION

The petition raises three issues: (1) whether counsel was ineffective for failing to advise Mr. Crowell that one of his convictions and five of his dismissed charges were time-barred; (2) whether counsel created a conflict of interest when he told Mr. Crowell that his wife and son planned to testify against him; and (3) whether counsel was ineffective for failing to investigate.

5

### A. Ineffective Assistance of Counsel Standard

A criminal defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed on a claim that counsel was ineffective, a petitioner must show (1) that counsel's performance "fell below an objective standard of reasonableness" and (2) "that the deficient performance prejudiced the defense." *Id.* at 687−88. Where the provisions of § 2254(d) apply, courts apply two layers of deference in assessing counsel's performance: "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

The right to effective assistance of counsel extends to plea bargaining. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To establish prejudice in this context, a defendant must show "that the outcome of the plea process would have been different with competent advice." *Id.* at 163. This requires "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Missouri v. Frye*, 566 U.S. 134, 148 (2012). Courts will not find prejudice unless the defendant alleges "special circumstances that might support the conclusion" that his decision to take the plea was caused by counsel's deficient performance. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (citing *Hill v. Lockhart*, 474 U.S. 52, 60 (1984)).

The Seventh Circuit has held many times "that a mere allegation by the defendant that he would have insisted on going to trial is not sufficient to establish prejudice." *Bethel v. United States*, 458 F.3d 711, 718 (7th Cir. 2006) (collecting cases). However, prejudice may be established, at least in some circumstances, where counsel's sentencing prediction "was mistaken by a considerable margin." *Id.* at 719; *see also Lee*, 137 S. Ct. at 1967-68 (finding prejudice where

6

counsel erroneously told the defendant that his guilty plea would not create a risk of deportation, where avoiding deportation was the defendant's central concern).

### B. Time-Barred Charges

The Indiana Court of Appeals ruled that Mr. Crowell did not demonstrate prejudice from counsel's failure to advise him about the time-barred charges. This was a reasonable interpretation of Supreme Court precedent. Even if counsel had moved to dismiss the time-barred charges, Mr. Crowell still would have faced a potential life sentence. Instead, he entered a plea agreement with a set prison term of 24 years—12 with good behavior. That means he could be released in his mid-50's instead of spending the remainder of his life behind bars.

As a practical matter, counsel's errors likely had very little impact on Mr. Crowell's decision to plead guilty. Although counsel may have miscalculated Mr. Crowell's potential sentencing exposure, this mistake only concerned how many hundreds of years he could have received. Given his age, any discrepancies in his maximum sentence after the first 100 years were unlikely to have any practical impact on the actual time he might have served in prison and, therefore, were unlikely to have made a material impact on his decision to plead guilty.

It is not clear how counsel was able to secure this plea agreement on Mr. Crowell's behalf. The record does not indicate that Indiana's case was weak with respect to the non-time-barred claims. To the contrary, Mr. Crowell's daughter was present at the sentencing hearing and testified about her years-long history of sexual abuse. Manual Filing at dkt. 9 (Appellant's Supplemental Appendix Vol. II, pp. 25-28). Nothing suggests her testimony at trial would have been materially different, nor is there a record of exculpatory evidence casting doubt on Mr. Crowell's guilt.

Mr. Crowell's argument that his daughter's 2010 sexual assault allegations would have impeached her testimony is unpersuasive. For one thing, it is not clear how the prior allegations

could be admitted into evidence. The record does not indicate that his daughter ever recanted, so they would not come in as prior inconsistent statements. *See* Ind. R. Evid. 613. If anything, her allegations from 2010 would show consistency in her statements about what Mr. Crowell did to her when she was a child. The fact that she waited until 2014, when he resumed his predatory sexual advances, to see the investigation through to the end would be unlikely to cause the jury to doubt her testimony.

Finally, the Court notes that Mr. Crowell does not claim that his time-barred conviction for sex with a minor violates the *Ex Post Facto* Clause. Even if he had, he is serving a longer, concurrent sentence for child molesting, and vacating the time-barred conviction would not impact the fact or duration of his custody. *See* 28 U.S.C. § 2254(a) (District courts may only entertain a habeas petition "on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."); *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009) ("It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief.").

The Indiana Court of Appeals reasonably applied Supreme Court precedent on this issue, and Mr. Crowell's request for relief is **DENIED**.

### C.  Conflict of Interest

What Mr. Crowell calls a conflict of interest is really just a disagreement. Counsel told Mr. Crowell that his wife and son (or, put differently, the victim's mother and brother) were working with the prosecution. This is not something that Mr. Crowell wanted to hear, and he asked the court to appoint a different public defender. The court denied this request, and counsel continued to represent Mr. Crowell at the guilty plea and sentencing hearings.

-

-

Sometimes, a defense attorney's loyalty is best expressed by offering the client an unvarnished assessment of the evidence against him and his likelihood of success of trial. A defense attorney may advise a client to plead guilty without violating a duty of loyalty or engaging in deficient performance. That appears to be the case here. There is no evidence that counsel was untruthful when he told Mr. Crowell that his wife and son were working with the prosecution. Counsel is presumed to have engaged in competent representation, and Mr. Crowell has not presented evidence to rebut that presumption on this issue.

The Indiana Court of Appeals reasonably applied Supreme Court precedent on this issue, and Mr. Crowell's request for relief is **DENIED**.

### D. Failure to Investigate

Mr. Crowell did not present his failure-to-investigate claim through a complete round of state court review. Although he raised the issue in his petition for post-conviction relief, he abandoned it in his appeal to the Indiana Court of Appeals and in his petition to transfer to the Indiana Supreme Court.

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A).

Mr. Crowell did not exhaust his available state court remedies before raising this issue in his federal habeas petition. He has not presented any evidence or argument to excuse this failure. Even if he had exhausted his state court remedies on this issue, there is no evidence that counsel failed to conduct a reasonable investigation or that a more thorough investigation would have

revealed exculpatory evidence. He has not alleged that the post-conviction court's refusal to set an evidentiary hearing entitles him to expand the record, and the Court's review is limited to the evidence presented in state court. Accordingly, his request for relief on this issue is **DENIED**.

## IV.
## CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability, which will issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1), (c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a petition is denied on procedural grounds (such as default), the petitioner must also show that reasonable jurists could disagree with that procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could conclude that Mr. Crowell is entitled to relief on any of the issues he raised in his petition, or that the Court's procedural default ruling is incorrect. Accordingly, a certificate of appealability is **DENIED**.

V.
CONCLUSION

Mr. Crowell's habeas petition is **DENIED**, and the action is **DISMISSED**. His motion to recognize additional authority, dkt. [14], is **GRANTED to the extent** that the Court reviewed the cited authority before issuing this Order.

Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date:   7/06/2021

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAY O. CROWELL, JR.
259697
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Caryn Nieman Szyper
INDIANA ATTORNEY GENERAL
caryn.szyper@atg.in.gov